```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
```

J‍OSEPH V‍ALENTI ET AL.,                                Case No. 12-11461

        Plaintiffs,                                Honorable Arthur J. Tarnow
v.                                                      Senior United States District Judge

R‍ICHARD S‍NYDER ET AL.

        Defendants.
_____/

## **ORDER DENYING PLAINTIFFS' MOTION  
FOR TEMPORARY RESTRAINING ORDER [2]**

Before the Court is Plaintiffs' Motion for Temporary Restraining Order [2]. Because the Court recognizes the urgency of this matter and the complexity of the issues involved, the Court is issuing this Order to convey the Court's ultimate decision on the motion. The Court, however, will also issue a memorandum by Monday, April 9, 2012 explaining in more detail the reasons for its decision.

Procedural History

This case was filed on March 30, 2012, naming Defendants Michigan Governor Richard Snyder, and Michigan Treasurer, Andrew Dillon ("State Defendants"). Plaintiffs filed a Motion for Temporary Restraining Order [2] on the same day. The Court held a first round of hearings on the morning of April 2, 2012. Following the morning hearing, Plaintiffs filed an Amended Complaint [6], adding Defendants Kirk Lewis and City of Detroit ("City Defendants"). The State Defendants filed a Response [9]. The Court resumed the hearing on the afternoon of April 2, 2012. Plaintiffs' Motion was taken under advisement and the hearing was continued to the next day at 2:00 p.m. The parties were permitted to file supplemental briefs.

Prior to the hearing on April 3, 2012, the State Defendants filed a Supplemental Brief [13]. The City Defendants also filed a Response [15] the same day. The Court held an evidentiary hearing on the afternoon of April 3, 2012 and again took Plaintiffs' Motion under advisement. The parties were given the chance to provide further briefing by 1:00 p.m. today. Plaintiffs filed a Supplemental Brief [16]. The State Defendants also filed a Supplemental Brief [17].

The Parties

Plaintiffs are Joseph Valenti, Co-Chief Negotiator for a Coalition of Unions in the City of Detroit and President of Teamsters Local 214; Regina Smith, member of the American Federation of State, County and Municipal Employees (AFSCME); George Morgan, member of AFSCME; and labor organization Michigan AFSCME Council 25.

Defendants are Richard Snyder, Governor of Michigan; Andrew Dillon, Michigan Treasurer; Kirk Lewis, Chief of Staff for Mayor David Bing; and the City of Detroit.

Factual Background

The present lawsuit involves an effort to protect the jobs and benefits of approximately 5,000 of Detroit's unionized employees in the wake of unprecedented political negotiations between the State of Michigan and the City of Detroit. Plaintiffs filed this suit in an attempt to save a Tentative Agreement ("TA") that was reached between the City of Detroit and a coalition of thirty City of Detroit unions ("Coalition"). The TA, which was ratified by the Coalition members and approved by the City of Detroit, involves tens of millions of dollars in concessions by union members and would extend their contracts for another three years.

Prior to the final requirement that would put the TA into effect–City Council's ratification of the TA–the State of Michigan and Governor Snyder gave the City of Detroit two options. Both options would prevent the TA from going into effect. If City Council ratified the TA, Governor

Snyder would appoint an Emergency Financial Manager for the City of Detroit. As an alternative, Detroit was given the option to negotiate a Consent Agreement to avoid takeover by an Emergency Financial Manager. Part of the Consent Agreement, however, is that the City of Detroit would not be allowed to ratify the TA, and it would place restrictive conditions on the City's ability to engage in collective bargaining.

Plaintiffs allege that the State of Michigan's negotiating tactics and political actions have violated their constitutional rights and prevented the City of Detroit from ratifying the TA. Plaintiffs bring three claims: 1) a violation of their rights under the Contracts Clause of the U.S. Constitution; 2) a violation of Plaintiffs' constitutional Due Process Rights; and 3) tortuous interference.

Plaintiffs seek a temporary restraining order (TRO) to preclude Defendants from further negotiations or actions that would interfere with the terms of the TA and its potential ratification by Detroit City Council. The Court declines to do so.

## STANDARD OF REVIEW

Courts are to consider "the same factors considered in determining whether to issue a TRO or a preliminary injunction." *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) (quoting *Ne. Ohio Coal. for Homeless & Serv. Emps. Union v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). The moving party has the "burden of proving that the circumstances clearly demand [a TRO]." *See Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

When evaluating a motion for preliminary injunction, the Court must consider four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would

3

cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Bonnell v. Lorenzo*, 241 F.3d 800, 809 (6th Cir. 2001) (quoting *Rock & Roll Hall of Fame v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998)).

No single factor is controlling of the outcome, although if "there is simply no likelihood of success on the merits" that is usually "fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

Plaintiffs have not shown that the extraordinary remedy of a TRO is warranted in this case. Plaintiffs' arguments fall short on the critical factor of whether any of Plaintiffs' three claims have a strong likelihood of success on the merits. Plaintiffs' failure in that regard is fatal to their request for a TRO.

The remaining factors, even if weighed in Plaintiffs' favor, cannot save their claims. For instance, Plaintiffs' request for this Court to regulate the political negotiations between the State and the City or to order the Detroit City Council to ratify the TA is simply beyond this Court's authority. The Court's decision is by no means an attempt to minimize or discredit Plaintiffs' efforts in advocating on behalf of the Coalition's union members involved in this litigation.

For the reasons to be set forth in a subsequent memorandum,

IT IS ORDERED that Plaintiffs' Motion for Temporary Restraining Order [2] is DENIED.

IT IS SO ORDERED.

                                                        s/Arthur J. Tarnow
                                                        Arthur J. Tarnow
Dated: April 4, 2012                             Senior United States District Judge

---

**CERTIFICATE OF SERVICE**
I hereby certify on April 4, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 4, 2012: **None.**
                                       s/Michael E. Lang
                                       Deputy Clerk to
                                       District Judge Arthur J. Tarnow
                                       (313) 234-5182