**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOSEPH VALENTI ET AL.,

          Plaintiffs,

v.

RICHARD SNYDER ET AL.

          Defendants.
_____/

Case No. 12-11461

Honorable Arthur J. Tarnow
Senior United States District Judge

## <u>MEMORANDUM REGARDING ORDER</u> [19]

Pursuant to this Court's Order [19] of April 4, 2012, denying Plaintiffs' Motion for Temporary Restraining Order [2], the following memorandum provides an explanation for the Court's decision. The Court adopts Plaintiffs' version of the facts as set forth in its Motion [2], as Defendants stipulate that those are the facts for the purposes of Plaintiffs' Motion. Because the facts are undisputed, the Court will not recite them here.

"A preliminary injunction is reserved for only the most egregious case, and should not be extended to cases which are doubtful or do not come within well-established principles of law." *Bonnell v. Lorenzo*, 241 F.3d 800, 826 (6th Cir. 2001). The moving party has the "burden of proving that the circumstances clearly demand [an injunction]." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

When evaluating a motion for preliminary injunction, the Court must consider four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the

movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Bonnell*, 241 F.3d at 809 (quoting *Rock & Roll Hall of Fame v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998)).

No single factor is controlling of the outcome, although if "there is simply no likelihood of success on the merits" that is usually "fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

Plaintiffs have failed to show a likelihood of success on any of their three claims for: 1) a violation of their rights under the Contracts Clause of the U.S. Constitution; 2) a violation of their right to due process under the law; and 3) tortuous interference. Each claim will be discussed separately. The failure to show a likelihood of success on the merits is fatal to Plaintiffs' arguments for a TRO. The Court, therefore, finds it unnecessary to discuss the remaining TRO factors.

*Contracts Clause*

Plaintiffs claim that the negotiations between the State Defendants and City Defendants have violated their rights under the Contracts Clause of the Constitution. Before a party can succeed on a Contracts Clause claim, a pre-existing contract must exist. *Gen. Motors Corp. v. Romein*, 503 U.S. 181, 187-88 (1992). Here, the TA was never ratified by City Council. The TA, without ratification, cannot sustain Plaintiffs' Contract Clause claim.

Plaintiffs rely on an unpublished decision by the Michigan Court of Appeals for their argument. The Michigan Court of Appeals has held that in certain situations, public sector collective bargaining agreements ("CBAs") are binding contracts when both party

representatives have signed a CBA, whether or not ratification has taken place. *AFSCME Council 25 v. Chippewa Cnty.*, 2007 WL 3171252, at \*3-4 (Mich. App. 2007) (internal citation omitted). In *AFSCME Council 25*, the court also held that ratification is a condition subsequent that is to be performed after the contractual arrangement takes effect between two parties. *Id.*

Plaintiffs' argument fails for two reasons. First, *AFSCME Council 25* is distinguishable from the present case. In *AFSCME Council 25*, the Court of Appeals considered a TA with respect to an employee's decertification petition that was filed during the 30-day grace period following the negotiation of the TA. Here, Plaintiffs are relying on this case to support the notion that the City and the Union are bound by the TA, even though the City Council has not ratified it. The Court is not convinced that *AFSCME Council 25* applies to the present case. Even if it did, the Plaintiffs' next step in the analysis presents another fatal obstacle.

Plaintiffs argue that once the parties to the TA approved it, that a binding agreement was created and that City Council's ratification is merely a condition subsequent that would have no effect on the alleged binding agreement. A condition subsequent is a condition, which is to be performed after the contractual arrangement takes effect between two parties. *Archambo v. Lawyers Title Ins. Corp.*, 466 Mich. 402 412 (2002). "[A] 'condition subsequent' is a condition that, if not met by one party, abrogates the other party's obligation to perform." *Id.*

In this case, if the City Council's ratification of the TA is a condition subsequent—it is unclear if it is—then the City Council would still have to complete the condition subsequent to bind both parties. Therefore, even under Plaintiffs' reasoning, City Council's failure to ratify the agreement would simply let Plaintiffs off the hook with respect to their obligations under the

agreement. Plaintiffs have not presented any argument to support the idea that without ratification, the agreement must be carried out by the parties.

Because the Plaintiffs have not shown that there was a binding contract in place, the Plaintiffs have not shown a likelihood of success on the merits as to the Contract Clause claim.

*Substantive Due Process*

Plaintiffs argue that argue that they are likely to succeed on their claim that Ds unconstitutionally deprived them of their right to bargain under Michigan Labor Law without providing them notice and opportunity to be heard prior to the deprivation. They argue that a consent agreement or appointment of an Emergency Financial Manager would preclude the City from collectively bargaining with the Coalition.

To address Plaintiffs' argument the Court would first have to decide whether Plaintiffs have a property interest, namely the right to collective bargaining. Plaintiffs argue that under the Public Employment Relations Act (PERA), they have a protected right to bargain over wages, hours, and terms and conditions of employment. MCL § 423.215(1). The statute provides:

> A public employer shall bargain collectively with the representatives of its employees as described in section 11[] and may make and enter into collective bargaining agreements with those representatives. Except as otherwise provided in this section, for the purposes of this section, to bargain collectively is to perform the mutual obligation of the employer and the representative of the employees to meet at reasonable times and confer in good faith with respect to wages, hours, and other terms and conditions of employment, or to negotiate an agreement, or any question arising under the agreement, and to execute a written contract, ordinance, or resolution incorporating any agreement reached if requested by either party, but this obligation does not compel either party to agree to a proposal or make a concession.

*Id.* (footnote omitted).

4

PERA was amended by the Michigan legislature to include limitations in subsections (8), (9), and (10). The amended sections provide that a public employer is exempt from the obligation to collectively bargain in certain situations: 1) pursuant to the local government and school district fiscal accountability act; 2) when a unit of local government enters a consent agreement; and 3) if the city requires and specifies a method of selection of a retirant member of the fire department, police department, or fire and police department pension or retirement board. *Id.* at §§ (8)-(10).

Plaintiffs' reliance on a Michigan statute to establish the right to collective bargaining would require this Court to interpret Michigan state law, specifically whether collective bargaining is a protected right. Even if the Court were to hold that collective bargaining is a protected right, Plaintiffs' have failed to show that the extraordinary remedy of a preliminary injunction is warranted in this case. Plaintiffs have not cited clear precedent that supports their position. Without strong support, the Court cannot grant Plaintiffs' request, especially considering the late date of the filing. This is not to say that Plaintiffs cannot win on this claim. Plaintiffs simply have not shown it at this stage, especially in light of Defendants' response.

### Tortuous Interference

Plaintiffs argue that the State Defendants have tortuously interfered with their favorable business relationship with the City of Detroit. Plaintiffs' claim is based on the "threats" from the Governor and Treasurer. Plaintiffs, however, have not presented any evidence to suggest that Defendants acted outside of their authority. The Court considers the alleged threats to be typical political negotiations. The Court has no authority to

regulate the negotiation tactics of elected officials or unions, and Defendants are immune from liability under MCL 691.1407(5). *Id.* (establishing immunity for elected officials and executives acting within the scope of their legislative and executive authority). Therefore, Plaintiffs have not shown the likelihood to succeed on the tortuous interference claim.

The Court finds that Plaintiff has not shown a likelihood of success on the merits. For the reasons stated above and in the Court's Order [19], Plaintiffs' request must be denied.

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: April 9, 2012

---

**CERTIFICATE OF SERVICE**

I hereby certify on April 9, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 9, 2012: **None.**

s/Michael E. Lang
Deputy Clerk to
District Judge Arthur J. Tarnow
(313) 234-5182